UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

FARASS ADNAN ALI,

    Petitioner,

v.

KRISTEN NIELSEN, Sec'y Homeland
Security Department,

    Respondent.

Case No. 18-CV-0053 (DWF/DTS)

REPORT AND RECOMMENDATION

---

In an order dated January 31, 2018, this Court noted that petitioner Farass Adnan Ali had filed a petition for a writ of habeas corpus raising claims that could only be raised in traditional civil litigation. *See* ECF No. 3. The habeas corpus petition itself could not be regarded as a civil complaint because it did not comply with the Federal Rules of Civil Procedure or name an appropriate defendant to this action. Accordingly, Ali was instructed to file an amended pleading within 20 days, failing which it would be recommended that this matter be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

That deadline has now passed, and Ali has not submitted an amended pleading. In fact, Ali has not communicated with the Court about this case at all since commencing this action. Accordingly, this Court now recommends, in accordance with its prior order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE under Fed. R. Civ. P. 41(b) for failure to prosecute.

Dated: February 28, 2018

*s/ David T. Schultz*
David T. Schultz
United States Magistrate Judge

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).